IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MICHELLE GATES,
        Plaintiff,

vs.                                    Case No. 3:06cv555/MCR/MD

BOARD OF DIRECTORS
OF THE FLORIDA HIGH SCHOOL
ATHLETIC ASSOCIATION, et al.
        Defendants.

# O R D E R

       This cause is before the court upon plaintiff's filing a civil rights complaint under 42 U.S.C. § 1983 (doc. 1) and an application for leave to proceed *in forma pauperis*. (Doc. 3).

       As an initial matter, the court notes that the named plaintiff in this action, Michelle Gates, is not the individual who has signed the complaint or the motion to proceed *in forma pauperis*. The court speculates that Mary E. Gates may be the mother of Michelle Gates, who appears to be a minor, but if that is the case, the complaint has not been brought in the proper format. Additionally, the signature on the motion to proceed *in forma pauperis* was cut and pasted from another document and the affidavit of financial status has not been properly completed. Thus, this motion is due to be denied.

       In addition, it does not appear from the allegations in the complaint that plaintiff has stated an actionable claim under § 1983. In any section 1983 action, the initial inquiry must focus on whether two essential elements are present:

    1.  whether the conduct complained of was committed by a person acting under color of state law; and

    2.  whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420, 428 (1981), <u>overruled on other grounds</u> *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Duke v. Cleland*, 5 F.3d 1399, 1403 (11th Cir. 1993) (citing *Parratt*). The allegations of the complaint are not entirely clear. Plaintiff appears to contend that she has been deprived of the opportunity to play her high school senior year of basketball due to the defendants' bias against her. It is not clear what grade she is in now, but she alleges that she had to repeat the ninth grade because she was busy helping her mother take care of her handicapped brother, and this apparently interfered with her eligibility to continue to play basketball. She appealed the decision not to allow her to play, but the defendants, who played some role in the decision-making process, denied her "request for hardship" because of plaintiff's performance in games played against the teams that the defendants coached. Plaintiff alleges discrimination, violation of Title IX of the Educational Amendments, a violation of the Fourteenth Amendment and violations of state law.

Plaintiff's complaint is factually and legally insufficient. The most basic factual details underlying her complaint, as well as the role of the respective defendants in the alleged constitutional violations are unclear, as is the legal basis for her claim. If she chooses to amend her complaint, in the statement of facts, she must clearly describe <u>how each named defendant</u> is involved in each alleged constitutional or other violation, alleging the claims as to each defendant in separately numbered paragraphs and including specific dates and times of the alleged unconstitutional acts. It is essential that the facts relating to each defendant be set out clearly and in detail because in civil rights cases, more than conclusory and vague allegations are required to state a cause of action. *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001)*; GJR Investments, Inc. v. County of Escambia, Florida*, 132 F.3d 1359, 1366 (11th Cir. 1998); *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984). If plaintiff cannot state exactly how a particular defendant harmed him, she should delete or drop that person as a defendant from her complaint. In the section entitled "Statement of Claim," plaintiff must state what rights she contends have been violated, and she must provide support in the statement of facts for the claimed

violations.  Plaintiff is advised that the amended complaint must contain all of her allegations because once an amended complaint is filed, all earlier complaints and filings are disregarded. Local Rule 15.1, Northern District of Florida. Furthermore, the allegations should be completely set forth in the complaint and continuation pages regardless of whether additional attachments are submitted.  If she chooses to file an amended complaint, plaintiff should file the amended complaint with an *original signature* with the court and keep an identical copy for herself.

Accordingly, it is ORDERED:

1.  The clerk of court is directed to forward to the plaintiff a civil rights complaint form to be used by pro se (non-prisoner) litigants in actions under 42 U.S.C. §1983, and a motion for leave to proceed *in forma pauperis*.  This case number and the words "Amended Complaint" should be written on the form.

2.  The plaintiff shall have **thirty (30) days** in which to file an amended civil rights complaint, which shall be typed or clearly written and submitted on court forms and shall comply with the instructions set forth herein, including naming the proper party plaintiff.

3.  Plaintiff's motion to proceed *in forma pauperis* (doc. 3) is DENIED without prejudice.  She shall either pay the $350.00 filing fee or file a new application to proceed *in forma pauperis* within **thirty (30) days.**

4.  Failure to comply with this order may result in a recommendation that this case be dismissed for failure to prosecute and to comply with an order of the court.

DONE AND ORDERED this 21st day of December, 2006.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

*Case No: 3:06cv555/MCR/MD*